**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERTO MIRANDA ZAMARRON, ) | |
| ) | |
| Petitioner, ) | Case No.3:10-CV-00094-ECR-VPC |
| ) | |
| vs. ) | |
| ) | ORDER |
| STATE OF NEVADA, *et al.,* ) | |
| ) | |
| Respondents. ) | |

Before the court is petitioner's motion to reconsider and for leave to file a late reply to motion to dismiss (dockets #20 and #21).

The court recently dismissed the petition based on petitioner's failure to respond to the motion to dismiss. The motion to reconsider indicates that petitioner did not receive a copy of the motion to dismiss from respondents and had no idea a response was due. Petitioner does admit receiving the court's minute order warning of the effects of not responding to a dispositive motion, but contends he had no knowledge of the motion pending. Petitioner, writing through a trained paralegal, states that he is a first generation immigrant who does not speak, read or write English. He further informs the court that he was recently moved to a more secure housing assignment and that the prison has been the subject of a security lockdown and search due to a shooting that occurred there.

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

Petitioner's representations are persuasive and his motion to reconsider shall be granted. A review of the certificate of service attached to the Index and Exhibits in Support of Respondents' Motion to Dismiss (docket #10) reveals a name and address for service not related to the petitioner in this case. It appears that the exhibits were likely sent to the wrong individual. While the certificate of service on the Motion to Dismiss does contain the correct name and address, it is impossible to be certain which addressee was identified on the mailing label. As a result, respondents shall be directed to re-serve the motion to dismiss and the exhibits upon petitioner and proof of the same shall be filed with the Court.

Petitioner is reminded of his obligation to keep the court and the respondents informed of his current address and respondents are reminded or their obligation to provide petitioner with a copy of every pleading or paper filed with the court in these proceedings.

**IT IS THEREFORE ORDERED** that the motion to reconsider (docket #20) is **granted.** The Order of dismissal is vacated and the Judgment recalled.

**IT IS FURTHER ORDERED** that respondents shall serve petitioner with a copy of their motion to dismiss and the supporting exhibits within ten days of entry of this order and shall file proof of said service with the Clerk of Court.

**IT IS FURTHER ORDERED** that the motion for time to file a response to the motion to dismiss (docket #21) is **granted.** The response shall be filed within 45 days of the date of service indicated on the Certificate of Service filed pursuant to this Order. Thereafter, respondents shall have fifteen days to reply.

Dated this 15th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE