**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERTO MIRANDA ZAMARRON,  )<br>                            )<br>        Petitioner,         )<br>                            )<br>vs.                         )<br>                            )<br>STATE OF NEVADA, *et al.,*  )<br>                            )<br>        Respondents.        ) | Case No.3:10-CV-00094-ECR-VPC<br><br>ORDER |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by petitioner Roberto Miranda Zamarron, proceeding without counsel. The petition was denied by the court on October 3, 2011 in an Order on the merits. At that time, the Court determined that a certificate of appealability was not warranted. On October 27, 2010, the Court received petitioner's motion for certificate of appealability (ECF No. 38) seeking review of the claims presented in the petition and an additional claim not yet considered by any court. *See id.* The new claim contends that the state court did not have jurisdiction to try and convict petitioner because of a delay in his appearance for a probably cause hearing.

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court previously considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determined that none meet that standard. This motion, even raising issues never presented to this Court or the state courts, does not warrant reconsideration. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion for Certificate of Appealability (ECF No. 38) is **denied**.

Dated this 22nd day of November 2011.

_____
UNITED STATES DISTRICT JUDGE